IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEREK SCHANEN SHAW, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-784-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Derek Schanen Shaw, TDCJ-ID #1444224, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On June 13, 2007, petitioner was convicted by a jury of aggravated robbery by threats of an elderly person 65 years of age or older in Tarrant County, Texas, and was sentenced to seventy-five years' confinement. (State Habeas R. at 97) Petitioner appealed his conviction, but the Eighth District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Shaw v. State*, No. 8-07-206-CR, slip op. (Tex. App.–El Paso Feb. 3, 2010) (not designated for publication); *Shaw v. State*, PDR No. 209-10. Petitioner also challenged his conviction in a state application for writ of habeas corpus, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without a hearing or written order on the findings of the trial court. (State Habeas R. at cover) This federal petition for writ of habeas corpus followed.

The evidence at trial reflects, on the evening of September 14, 2006, petitioner robbed Doris Mills, who was 72 years old at the time, by threatening her at gun point and stealing her purse in the parking lot of Payless ShoeSource in Fort Worth. (RR, vol. 3, at 197, 220) Mills's purse was found behind the Payless store, and witnesses described the clothing and jewelry the suspect wore. (RR, vol. 3, at 77, 102, 198, 201-02) Petitioner, who matched the description, was apprehended and returned to the scene by police shortly thereafter, where he was identified as the robber by Mills and two witnesses, William and Robin Shaw. (*Id.* at 103-04, 174-75) Items found on petitioner's person included an ammunition magazine, or clip, and a gun matching the description of the one used by the robber was found in a trash can at a nearby car wash. (*Id.* at 82-87, 97-100, 141, 158) Petitioner was also observed placing items in a car stopped at a stoplight that were later identified as Mills's. (*Id.* at 80-81, 115-16)

D. ISSUES

Petitioner claims trial counsel rendered ineffective assistance by failing to object to the prosecutor's closing argument, wherein he bolstered the credibility of the state's witnesses, and to the state's use of hearsay during his suppression hearing (grounds one and two). Petitioner claims appellate counsel rendered ineffective assistance by failing to raise an article "38.22, *Jackson v. Denno* claim" on appeal (ground three). (Pet. at 6-7; Pet'r Mem. at 6)

E. RULE 5 STATEMENT

Respondent believes that the petition is timely and that petitioner has sufficiently exhausted his claims, as required by 28 U.S.C. § 2254(b)(1), but asserts grounds one and two are procedurally defaulted because they were not properly presented before the Texas Court of Criminal Appeals, the state's highest court. Respondent asserts that because the claims are "record claims," they should have been presented on direct appeal, and petitioner's failure to raise them on direct appeal resulted in a procedural default in state court. (Resp't Ans. at 6-8; State Habeas R. at 6) Because the claims were rejected for procedural reasons in state court, respondent argues that review is barred in this court by the doctrine of procedural default.

An applicant requesting habeas relief under 28 U.S.C. § 2254 is required to exhaust all claims in state court before seeking federal habeas relief. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* The substance of a claim is fairly presented only when the applicant presented his claims to the state court "in a procedurally proper manner according to the rules of the state court[ ]." *Id.* (quotations omitted). Except in rare instances, the proper procedural vehicle to pursue a claim of ineffective assistance of counsel in Texas is by state

application for writ of habeas corpus, and not on direct appeal. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Thus, although petitioner's underlying "jury argument" and "hearsay" claims not couched in terms of an ineffective assistance claim, may be defaulted in the state courts because they were not raised on direct appeal, petitioner's ineffective assistance claims were properly raised for the first time in petitioner's state habeas application, were addressed on the merits by the trial court, and denied without written order by the Texas Court of Criminal Appeals on those findings. This was an adjudication on the merits, *see infra*, and sufficient to exhaust petitioner's ineffective assistance claims for purposes of federal habeas review. *Mack v. Lynaugh*, 754

## F. Discussion

### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it

correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland*, 466 U.S. at 688; *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective

5

assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the state court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

As previously noted, petitioner claims trial counsel rendered ineffective assistance by failing to object to the prosecutor's closing argument, wherein he bolstered the credibility of the state's witnesses, and to the state's use of hearsay during his suppression hearing. The state habeas court entered the following relevant findings of fact related to these claims:

11.     Applicant complains that counsel should have objected to the State's jury arguments on the basis that it bolstered the credibility of the witnesses.

12.     Applicant complains trial counsel should have objected to this closing argument: Members of the jury, you know what happened to Ms. Mills is just a really unfortunate event. It is a very sad thing that happened. It's just so unfortunate that she had to go through that. I mean, she shouldn't just have, you know – when she's going out to Payless just to pick up some shoes, this should be the last thing that citizens of Tarrant County should have to worry about. She shouldn't have to be scared at all, but she is now.
              The only good thing that came of it is thanks to the officers' quick response and Robin and William Evans who, you know, took their time off work, came in here, swore an oath to tell you the truth. Fortunately, we were able to apprehend the Defendant and the State is able to pursue this case. That's the good thing. And even further, now you have the chance to find him guilty and bring some justice to Ms. Mills, and that is what the State is asking you to do, for all the reasons that you have heard from this stand from Robin's testimony to William's testimony to those four officers.

13.     The fact that the witnesses were sworn to testify truthfully was evidence presented to the jury.

        .  .  .

19      Applicant presents no authority to support his claim that hearsay evidence is not admissible during a suppress hearing.

(State Habeas R. at 83-84, 86 (emphasis added) (citations to the record omitted))

Based on its findings, and applying the *Strickland* standard, the court concluded petitioner had failed to prove deficient representation on counsel's part because the complained-of argument was permissible as a summation of the evidence and a plea for law enforcement. Thus, the court concluded counsel had a "plausible basis in strategy for not objecting." (State Habeas R. at 88) In turn, the Texas Court of Criminal Appeals denied relief based upon the habeas court's findings. This constitutes an adjudication on the merits of the claims and is entitled to the presumption of correctness. Deferring to the state courts' determination that the argument was proper under state law, the rejection

of petitioner's first claim was not erroneous or objectively unreasonable. Counsel is not required to make frivolous objections. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997).

Nor is the state courts' rejection of petitioner's second claim erroneous or objectively unreasonable. Petitioner claims trial counsel was ineffective by failing to object to the state's use of hearsay during the suppression hearing. (Pet. at 6; Pet'r Mem. at 13-14) However, petitioner failed to cite to any legal authority that hearsay testimony is inadmissible during a hearing on a motion to suppress. Bald assertions by a petitioner are not enough to sustain a claim of ineffective assistance of counsel. *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Petitioner claims appellate counsel rendered ineffective assistance by failing to raise his article "38.22, *Jackson v. Denno* claim" on appeal. In his motion in limine filed prior to trial, petitioner moved to exclude all statements made by him to law enforcement until ruled by the trial court to be admissible. (Clerk's R. at 20) Petitioner cites this court to the reporter's record of the pretrial hearing, wherein a discussion takes place regarding two statements petitioner made to law enforcement, "I did it" and "I got that stuff from a guy at Long Johns Silver's." (Pet. at 7; Pet'r Mem. at 14-17; RR, vol. 3, at 9) Pursuant to the motion in limine, a hearing was held regarding these statements, during which the prosecutor informed the court and trial counsel that he was not going to offer the first statement as evidence during the trial. (RR, vol. 3, at 9) Testimony was heard, and the trial court ruled that the second statement was admissible. (*Id.* at 17-18, 66) The state habeas court entered the following relevant findings of fact related to this claim:

> 20.  Applicant alleges that appellate counsel should have raised on direct appeal that the trial court should have ruled his statements inadmissible based on article 38.22 of the Texas Code of Criminal Procedure and *Jackson v. Denno*.

8

21.   Applicant does not allege that the statements were made as the result of an interrogation.

22.   The only evidence at trial demonstrated that the statements were not the result of any questioning or interrogation.

23.   According to the officer, Applicant just "blurted it out."

24.   The officer testified that he did not ask Applicant any questions about the property or attempt to interrogate him.

25.   There was no evidence in the appellate record that Applicant's statements were the result of a custodial interrogation.

26.   A hearing was held on the admissibility of the statements.

(State Habeas R. at 86) (citations to the record omitted)

Applying the *Strickland* standard, and citing to both state and federal law, the state court

entered the following legal conclusions:

34.   An attorney is prohibited from raising claims on appeal that are not founded in the record.

35.   "No oral or sign language statement of an accused made as a *result of custodial interrogation* shall be admissible. . . ."

36.   Because there was no evidence in the record that the oral statements were the result of a custodial interrogation, there was no violation of article 38.22 of the Texas Code of Criminal Procedure.

37.   Applicant has failed to demonstrate that his article 38.22 claim was founded in the record.

38.   Applicant counsel was prohibited from raising Applicant's article 38.22 claim on direct appeal.

39.   There is a plausible basis in strategy for why counsel did not raise an article 38.22 claim on direct appeal.

40.   Due process requires the trial court to hold a hearing on the admissibility of the statement outside the jury's presence once a defendant moves to suppress a statement on involuntariness grounds.

41. Applicant was given a hearing on the admissibility of the statement outside the presence of the jury.

42. Applicant has failed to prove that his *Jackson v. Denno* claim was founded in the appellate record.

43. Appellate counsel was prohibited from raising Appellant's *Jackson v. Denno* claim on direct appeal.

44. There is a plausible basis in strategy for why counsel did not raise a *Jackson v. Denno* issue on direct appeal.

45. Because there is a plausible basis for counsel's actions, no affidavit it needed.

46. Applicant has failed to prove that his appellate attorney's representation fell below an objective standard of reasonableness.

47. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established.

48. Applicant has failed to prove that a reasonable likelihood exists that the court of appeals would have found a violation of article 38.22 if counsel had raised it on direct appeal.

49. Applicant has failed to prove that a reasonable likelihood exists that the court of appeals would have found a *Jackson v. Denno* violation if counsel had raised it on direct appeal.

50. Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would be different.

51. Applicant has failed to prove that he received ineffective assistance of appellate counsel.

(Sate Habeas R. at 90-91) (emphasis in original) (citations omitted)

In turn, the Texas Court of Criminal Appeals denied relief based upon the habeas court's findings. This constitutes an adjudication on the merits of the claims and is entitled to the presumption of correctness. Deferring to the state courts' determination that an article 38.22 claim was meritless, the rejection of petitioner's claim was not erroneous or objectively unreasonable. Furthermore, the

10

state courts' determination that petitioner's claim under *Jackson v. Denno* was meritless is not contrary

to, or involve an unreasonable application of, clearly established federal law on the issue. Appellate

counsel is not ineffective for failing to raise what would be meritless issues on appeal. *Penson v. Ohio*,

488 U . S. 75, 83-84 (1988).

### 3. Evidentiary Hearing

Petitioner requests an evidentiary hearing to further develop the record in support of his claims,

however federal habeas review of state-court proceedings are limited to the record before the state

court that adjudicated the claims on the merits. *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388,

1398-1401 (2011). Petitioner's claims were adjudicated on the merits in state court, and he has failed

to overcome the limitation of § 2254(d)(1) on the record that was before the state court. *Id.*

## II. RECOMMENDATION

Based on the foregoing, petitioner's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided

by law. Any party who objects to any part of this report and recommendation must file specific written

objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b). The court is extending the deadline within which to file specific written objections to the

United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 21,

2012. In order to be specific, an objection must identify the specific finding or recommendation to

which objection is made, state the basis for the objection, and specify the place in the magistrate

judge's report and recommendation where the disputed determination is found. An objection that

11

merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 21, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April ___30___, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE